# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1630

_____

|  |  |  |
|---|---|---|
| | * | |
| Joseph Rosenberg, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Missouri Department of | * | [UNPUBLISHED] |
| Corrections, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 18, 2008
Filed: January 25, 2008

_____

Before LOKEN, Chief Judge, HANSEN and MURPHY, Circuit Judges.

_____

PER CURIAM.

Joseph Rosenberg, employed by the Missouri Department of Corrections (the Department) in a supervisory position as a Correctional Officer III, appeals the district court's[1] grant of summary judgment to the Department in this Title VII retaliation action. See 42 U.S.C. § 2000e-3(a). Rosenberg claimed that the Department

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

suspended and transferred him to another facility in retaliation for opposing discriminatory practices. The undisputed facts indicate that Rosenberg escorted two female coworkers to Superintendent Don Roper's office so that they could report their claims of sexual harassment by a male supervisor and that he sat silently through the meeting. He had no other involvement in the claims.

Having conducted a *de novo* review of the record, see Hughes v. Stottlemyre, 506 F.3d 675, 678 (8th Cir. 2007) (standard of review), we agree with the district court's conclusion that Rosenberg failed to establish a *prima facie* case of retaliation under the opposition clause of § 2000e-3(a), see Brower v. Runyon, 178 F.3d 1002, 1005 n.3 (8th Cir. 1999) (indicating that the opposition clause of § 2000e-3(a) would require a good faith belief by the plaintiff that the employer had actually engaged in a discriminatory practice); Evans v. Kansas City, Mo. Sch. Dist., 65 F.3d 98, 100 (8th Cir. 1995) ("[P]rotected opposition [requires] a plaintiff [to] show a good faith reasonable belief that his employer engaged in a discriminatory employment practice."), cert. denied, 517 U.S. 1104 (1996). The record includes no indication that Rosenberg believed the substance of the complaints and discloses that his only involvement was to escort the women to the office and to sit quietly during the meeting. We decline to address arguments Rosenberg raises for the first time on appeal regarding the participation clause. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004); Berg v. Norand Corp., 169 F.3d 1140, 1145 (8th Cir.), cert. denied, 528 U.S. 872 (1999).

Because an extended opinion would have no precedential value and no error of law appears, we affirm the well-reasoned judgment of the district court. See 8th Cir. R. 47B.

_____